1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DAVID EUGENE GIVENS,                           No. CIV S-12-0688-CMK-P

12                Petitioner,

13        vs.                                         ORDER

14   W. KNIPP,

15                Respondent.

16   _____/

17            Petitioner, a state prisoner, brings this action *in propria persona*.  Petitioner

18   initiated this action with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19   Petitioner, however, clearly states in his petition that he is not challenging his conviction, but is

20   challenging the conditions of his confinement, specifically his medication treatment.  As he

21   initiated this action with a habeas petition, the court classified it as such.  If plaintiff's intention

22   was to initiate a civil rights action, that classification will need to be modified.

23            Before this action can proceed either way, however, petitioner's fee status must be

24   resolved.  The court notes that petitioner has not filed a complete application to proceed in forma

25   pauperis, along with the certifications.  In addition, before the court could grant such a motion, it

26   has to be determined what type of action petitioner is pursuing so the court can determine the

1

1    appropriate filing fees.

2            When a state prisoner challenges the legality of his custody – either the fact of

3    confinement or the duration of confinement – and the relief he seeks is a determination that he is

4    entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ

5    of habeas corpus under 28 U.S.C. § 2254.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);

6    see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49

7    F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of

8    confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights

9    action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

10   Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42

11   U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

12           While it appears petitioner wishes to challenge the conditions of his confinement,

13   as he is challenging receipt of the appropriate pain medication, he chose to initiate this action

14   with a petition for writ of habeas corpus.  To challenge the conditions of his confinement,

15   plaintiff chose the wrong form to initiate these proceedings.[1]  The Clerk of the Court will be

16   directed to provide petitioner with both a new habeas petition as well as a civil rights complaint,

17   and petitioner will be required to choose how he wishes to proceed and file an amended pleading.

18           Petitioner must choose whether he is proceeding in this action on a petition for

19   writ of habeas corpus or will be filing a civil rights complaint.  Either way, his amended petition

20   or complaint must be filed within the time provided in this order.  Petitioner is warned that

21   failure to file the appropriate pleading within the time provided in this order may be grounds for

22   dismissal of this action.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992); see

23

24           [1]    The court notes the possibility that plaintiff may be attempting to avoid the issue
     of whether he is eligible to proceed in forma pauperis in this action because he has filed, on three
25   or more prior occasions, actions which have been dismissed on the grounds that they were
     frivolous, malicious, or failed to state a claim.  See 28 U.S.C. § 1915(g).  To the extent this is
26   plaintiff's intention, filing a habeas action to avoid dismissal is not the appropriate remedy.

1    <u>also</u> Local Rule 110.  Petitioner is also warned that if he files a complaint which fails to comply

2    with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

3    <u>See</u> <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

4            Accordingly, IT IS HEREBY ORDERED that:

5            1.      Petitioner's petition is dismissed with leave to amend;

6            2.      The Clerk of the Court shall send petitioner both a blank petition for writ

7    of habeas corpus and a blank prisoner civil rights form complaint;

8            3.      Petitioner shall choose whether he will proceed in this action with a

9    habeas petition appropriately challenging a conviction or whether he will file a complaint to

10   proceed in a civil rights action pursuant to 42 U.S.C. § 1983;

11           4.      Petitioner shall file his amended pleading within 30 days of the date of

12   service of this order;

13           5.      Petitioner shall also submit on the form provided by the Clerk of the

14   Court, within 30 days from the date of this order, a complete application for leave to proceed in

15   forma pauperis, with the required certifications, or the appropriate filing fee; and

16           6.      The Clerk of the Court is also directed to send petitioner a new form

17   Application to Proceed In Forma Pauperis By a Prisoner.

18

19    DATED:  April 25, 2012

20                                                    _____

21                                                    **CRAIG M. KELLISON**
                                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

                                                 3