IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EUGENE GIVENS,                                    No. CIV S-12-0688-CMK-P

        Plaintiff,

    vs.                                                                      ORDER

W. KNIPP,

        Defendant.

_____/

        Plaintiff, a state prisoner, brings this action *in propria persona*. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Plaintiff initiated this action with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court issued an order dismissing the petition, and providing plaintiff an opportunity to explain how he wished to proceed in this action as it was unclear to the court whether a habeas petition was the proper means to address his issues. In response, plaintiff filed an amended complaint, indicating to the court that he in fact wishes to proceed in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for leave to proceed in forma pauperis (Doc. 7) and his amended complaint (Doc. 6).

The Prison Litigation Reform Act's (PLRA) "three strikes" provision provide:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies.  Dismissed habeas petitions do not count as "strikes" under § 1915(g).  See Andrews v. King, 398 F.3d 1113, 1122 (9th Cir. 2005).  Where, however, a dismissed habeas action was merely a disguised civil rights action, the district court may conclude that it counts as a "strike."  See id. at n.12.

In May 2000, the Southern District of California determined that plaintiff is barred from proceeding in forma pauperis in the federal courts.  See Givens v. Small, et al., Case No. 00-0634-L (POR).  The Southern District found plaintiff had previously filed several cases which were dismissed for failure to state a claim.  See id. (citing three specific Southern District of California cases which were dismissed for failure to state a claim).  As a result, plaintiff has been listed as three-strikes barred in the National Pro Se Three-Strikes Database.[1]  Because plaintiff has not alleged in the instant action that he is under imminent danger of serious bodily injury, the court must deny leave to proceed in forma pauperis.

When in forma pauperis status is denied or revoked under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed.  In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis.  See 128 F.3d

---

[1] The National Pro Se Three-Strikes Database, http://nprose.circ9.dcn/Litigant.aspx.

1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."[2]

       This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

       Plaintiff will therefore be required to show cause in writing, within 30 days of the date of this order, why this action should not be dismissed. In so doing, plaintiff must demonstrate that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is warned that failure to respond to this order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

/ / /

---

[2] It is unclear how the appellant would have been able to "resume" the appeal upon pre-payment of the filing fee because appellate filing fees are paid in the district court when the notice of appeal is filed. Had the appellant filed a new notice of appeal with the appropriate filing fee, any such notice of appeal would have been untimely in that it would not have been filed within 30 days of the final judgment being appealed. The Ninth Circuit did not address this problem.

1    In addition, this case appears to be duplicative of another case plaintiff has pending in this court. On the same day plaintiff filed this action, he initiated another action in this court naming the same defendants and addressing the same health care issue. See Givens v. Soltanian, case no. 2:12-cv-0687-KJN. Plaintiff cannot maintain two separate actions addressing the same claims against the same defendants based on the same operative facts. Thus, if plaintiff is able to show cause why this action should not be dismissed pursuant to § 1915(g), he must also show cause why this action should not be dismissed as duplicative of case number 2:12-cv-0687-KJN. See Cato v. U.S., 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing 28 U.S.C. § 1915(d)).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Doc. 7) is denied;

2. Plaintiff shall show cause, in writing, within 30 days of the date of this order, why this action should not be dismissed without prejudice to re-filing upon pre-payment of the filing fees.; and

3. Plaintiff shall also show cause, in writing, within 30 days of the date of this order, why this action should not be dismissed as duplicative of case number 2:12-cv-0687-KJN.

DATED: October 4, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE